# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| APEX COMPOUNDING PHARMACY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16-CV-73 JVB |
| | ) | |
| BEST TRANSPORTATION SERVICES INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on cross-motions for summary judgment filed by Defendant Best Transportation Services Inc. ("Best") (DE 56) and Plaintiff Apex Compounding Pharmacy LLC ("Apex") (DE 59). Apex's motion is also directed at Katherine Rodriguez, who was named as a defendant but has not appeared in this action. Best has also filed a motion to strike Exhibit 4 from Apex's designation of evidence in support of its motions (DE 70).

A.  **Undisputed Material Facts**

Best operates a for-hire delivery service that is registered with the United States Department of Transportation. Apex manufactures and sells specialized prescription medication. Apex had an agreement with eight customers to deliver prescriptions for medication to them. Apex engaged Best to pick up the prescriptions at Apex's location in Dyer, Indiana, and deliver them to the customers in Chicago and various Illinois suburbs of Chicago, namely: Lansing, Oak Lawn, Park Forest, and Crete. Katherine Rodriguez, as agent for Best, picked up the prescriptions. Apex claims that the eight customers never received their medications, but does

not direct the Court to any admissible evidence to support its claim.[1]  Virtually none of the materials Apex refers to in support of its version of the facts actually do support the claimed facts.[2]

Apex's amended complaint seeks damages from Katherine Rodriguez for gross negligence, fraud, and conversion, and alleges a breach of contract action against Best as well as respondeat superior liability for Rodriguez's gross negligence, fraud, and conversion.

**B.      Best's Motion for Summary Judgment.**

Best's argument is that, because the delivery from Indiana to Illinois was an interstate shipment, the Carmack Amendment to the Interstate Commerce Act, , 49 U.S.C. § 14706(a), provides the exclusive remedy for shippers seeking to recover against carriers for the loss of property and pre-empts all state law claims.  Best maintains that because Apex did not allege a claim under this federal law, its amended complaint should be dismissed.  Apex counters that the Carmack Act does not apply because of the exemption created by 49 U.S.C. § 13506(b)(1), which provides:

> (b) **Exempt unless otherwise necessary.**–Except to the extent the Secretary or Board, as applicable, finds it necessary to exercise jurisdiction to carry out the

---

[1] Apex believes that its Exhibit 5 (DE 61-5 at 1–13 ), which it refers to as "Order Tracking Documents with Notes Produced by Plaintiff" establishes that the prescriptions were never received. The exhibit consists of handwritten notes from several different, unidentified authors, that are devoid of context, as well as eight Best preprinted forms with handwritten notes, again from unidentified author(s), and some driving directions. Despite the title of the exhibit bestowed by Apex, who is the plaintiff, Apex asserts in its reply brief that Exhibit 5 was produced by Defendant in discovery. Without knowing who wrote the notes and where the information they memorialize came from, it is not possible to conclude that this exhibit establishes anything.

[2] For example, Apex cites its own answer to Interrogatory No. 6, which its says can be found on page 3 of Exhibit 3, to establish that the prescriptions were never received by the intended recipients (DE 60 at 2).  Apex's response to Interrogatory No. 6 is actually found on pages 4 and 5 of Exhibit 3 and is nothing more than an objection to that Interrogatory (DE 61-3 at 4–5).

transportation policy of section 13101, neither the Secretary nor the Board has jurisdiction under this part over–

> (1) transportation provided entirely in a municipality, in contiguous municipalities, or in a zone that is adjacent to, and commercially a part of, the municipality or municipalities . . ..

Both 49 U.S.C. § 13506 and § 14706 are found in Title 49, Subtitle IV, Part B.

Best and Apex argue about whether Lake County, Indiana, and Cook County, Illinois, are areas that fall within the exemption created by § 13506, but a federal regulation, 49 C.F.R. § 372.233, removes this issue from debate by establishing the boundaries of "a zone that is adjacent to and commercially a part of" Chicago as follows:

> The zone adjacent to, and commercially a part of Chicago, IL, within which transportation by motor vehicle, in interstate . . . commerce . . . is partially exempt under 49 U.S.C. 13506(b)(1), includes and is comprised of all points as follows:
> (a) The municipality of Chicago, IL, itself;
> (b) All points within a line drawn 20 miles beyond the municipal limits of Chicago;
> (c) All points in Lake County, IL;
> (d) All of any municipality any part of which is withing the limits of the combined area defined in paragraphs (b) and (c) of this section . . ..

The Court takes judicial notice of the fact that Dyer, Indiana, and all of the Chicago suburbs to which the prescriptions were to be delivered are municipalities some part of which are no more than twenty miles beyond the municipal limits of Chicago, so that they are all within the zone adjacent to and commercially a part of Chicago. The delivery addresses in Chicago itself are obviously within the zone. Because the transportation of the prescriptions occurred entirely within the zone defined by the regulation, the transportation falls within the exemption of § 13506(b)(1). Consequently, the Carmack Amendment does not apply to the transportation of the prescriptions from Dyer, Indiana, to Chicago, Lansing, Oak Lawn, Park Forest, and Crete, Illinois. For that reason, Best's motion for summary judgment must be denied.

C.      **Apex's Motion for Summary Judgment and Best's Motion to Strike**

Best asks the Court to strike Apex's Exhibit 4 in support of its motion for summary judgment. The exhibit is entitled "Damages Calculation." It is a list of various substances, followed by information regarding strength, quantity, and pricing. It is not authenticated. Even so, since the Exhibit plays no part in the Court's decision on the motion for summary judgment, the Court will deny the motion to strike as moot.

Because Apex's summary judgment submissions utterly fail to convince the Court that there are no genuine issues of material fact for trial and that it should prevail as a matter of law on any of its claims, the Court must deny its motion for summary judgment.

D.      **Conclusion**

For the foregoing reasons, the motion of Defendant Best Transportation Services Inc. for summary judgment (DE 56) is **DENIED**; its motion to strike (DE 70) is **DENIED AS MOOT**. The motion of Plaintiff Apex Compounding LLC for summary judgment (DE 59) is **DENIED**.

SO ORDERED on August 20, 2018.

                                                      s/ Joseph S. Van Bokkelen
                                                      Joseph S. Van Bokkelen
                                                      United States District Judge